# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| CLAUDIA BREEN<br>4730 Long Road<br>Newport, Michigan 48166 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| TOLEDO CLINIC, INC.<br>c/o E&S Registered Agent, LLC<br>Statutory Agent<br>One Seagate, 27th Floor<br>Toledo, Ohio 43604 | )<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | ) | |

Plaintiff Claudia Breen, by and through her undersigned counsel, as her Complaint against Defendant, hereby states and avers the following:

## **PARTIES**

1. Plaintiff Claudia Breen is a natural person and resident of Newport, Monroe County, State of Michigan.

2. Defendant Toledo Clinic, Inc. ("Toledo Clinic") is a domestic corporation organized under the laws of the State of Ohio, with a principal place of business located at 4235 Secor Road, Toledo, Ohio 43623.

3. Toledo Clinic is, and was at all times hereinafter mentioned, Breen's "employer" within the meaning of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623.

## **JURISDICTION & VENUE**

4. Personal jurisdiction is proper over Defendant pursuant to Fed. R. Civ. P. 4(h).

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff is alleging federal law claims under the ADEA.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the adverse employment actions described herein, Breen filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-01553, against Toledo Clinic.

8. On or about September 15, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Breen regarding Charge No. 532-2022-01553.

9. Breen received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

10. Breen has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

11. Breen has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## FACTS

12. Breen is a former employee of Toledo Clinic.

13. Breen was hired by Toledo Clinic in or around June 1998.

14. Breen was employed as an Office Manager at a Toledo Clinic-affiliated medical office located in Monroe, Michigan ("Monroe Office").

15. The Monroe Office was operated by Dr. Mohammad Javaid.

16. At all times relevant herein, Breen was qualified for her position with Toledo Clinic.

17. Breen was not disciplined during her 23 years of employment with Toledo Clinic.

18. During most of her employment with Toledo Clinic, Breen was 40 years of age or older, making her a member of a protected class based on her age, pursuant to the ADEA.

19. As of the summer of 2021, Breen was 61 years old.

20. In late-summer 2021, Dr. Javaid announced his intention to retire.

21. Following Dr. Javaid's retirement, the Monroe Office was to be taken over by Dr. Moshin Reza, another Toledo Clinic-affiliated physician.

22. Despite his representations that he would be assisting with this transition, Dr. Javaid retired on or about September 1, 2021.

23. Dr. Reza took over the Monroe Office on or about September 1, 2021.

24. In or around September 2021, Breen was informed by Defendant that she would need to reapply for the Office Manager position at the Monroe Office.

25. Breen was told she needed to reapply for the Office Manager position despite having been in that position for more than 23 years.

26. Breen was told she needed to reapply for the Office Manager position despite being qualified to perform the essential functions of this position.

27. Breen did reapply for the Office Manager position at the Monroe Office.

28. Defendant did not contact Breen about an interview for the Office Manager position.

29. Defendant did not contact Breen at all regarding the Office Manager position after Breen reapplied.

30. At all times relevant herein, Alisha Sambiagio was Breen's co-worker at the Monroe Office.

31. At all times relevant herein, Sambiagio was similarly situated to Breen.

32. At all times relevant herein, Sambiagio was not a member of a protected class based on her age.

33. At all times relevant herein, Sambiagio was significantly younger than Breen.

34. Like Breen, Sambiagio reapplied for employment at the Monroe Office after Dr. Javaid's retirement.

35. Unlike Breen, Sambiagio was rehired by Defendant to work at the Monroe Office.

36. Breen was treated less favorably than Sambiagio in the rehiring process, based on Breen's age.

37. Defendant rehired Sambiagio because Sambiagio was significantly younger than Breen.

38. On or about October 8, 2021, Defendant issued Breen a letter informing her that her "services are no longer needed in [her] current position with the Toledo Clinic[.]"

39. The October 8, 2021 letter also stated that the decision to terminate Breen was "not a statement of [her] work for the Toledo Clinic."

40. On or about October 14, 2021, Breen met with Tom Sylak and Tiffany Weaver, representatives of Toledo Clinic.

41. During the October 14, 2021 meeting, Sylak and Weaver confirmed that Breen's employment with Toledo Clinic was being terminated.

42. Breen was terminated by Defendant, effective October 14, 2021.

43. Defendant did not proffer a legitimate, nondiscriminatory reason for terminating Breen's employment.

44. Defendant terminated Breen based on her age.

45. Defendant treated similarly situated, younger employees more favorably than Breen.

46. The above facts demonstrate that Defendant engaged in a pattern and practice of age discrimination.

47. As a direct and proximate result of Defendant's acts and omissions, Breen has suffered and will continue to suffer damages.

## COUNT I: AGE DISCRIMINATION UNDER THE ADEA

48. Breen restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

49. Throughout her employment, Breen was fully competent to perform her essential job duties.

50. Defendant treated Breen differently than other similarly situated employees based on her age.

51. Defendant violated the ADEA by discriminating against Breen due to her age.

52. Defendant terminated Breen without just cause.

53. Alternatively, Defendant's cited reason for terminating Breen's employment was pretextual.

54. At all times material herein, similarly-situated younger employees were not terminated without just cause.

55. Defendant terminated Breen based on her age.

56. Defendant violated the ADEA when it terminated Breen based on her age.

57. Breen suffered emotional distress as a result of Defendant's conduct and is, therefore, entitled to emotional distress damages pursuant to the ADEA.

58. As a direct and proximate result of Defendants' conduct, Breen has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Claudia Breen demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Breen to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) A monetary award against Defendant to compensate Breen for compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Breen's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Kevin A. Buryanek*
Kevin A. Buryanek (0099300)
Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
kevin.buryanek@spitzlawfirm.com
daniel.dubow@spitzlawfirm.com

*Attorneys for Plaintiff Claudia Breen*

## **JURY DEMAND**

Plaintiff Claudia Breen demands a trial by jury by the maximum number of jurors permitted.

/s/ *Kevin A. Buryanek*
Kevin A. Buryanek (0099300)
Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S FIRM**